DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Ottawa County Municipal Court, following a no contest plea, in which the trial court found appellant, Geoffrey N. Tollett, guilty of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a). On appeal, appellant sets forth the following two assignments of error: *Page 2 
 {¶ 2} "First assignment of error:
 {¶ 3} "Due to appellant's counsel's ineffectiveness, appellant's plea was not entered into knowingly, intelligently, and voluntarily.
 {¶ 4} "Second assignment of error:
 {¶ 5} "The trial court erred by threatening the appellant with a contempt charge if the case was not resolved with a plea at the last court date."
 {¶ 6} On May 13, 2007, at approximately 2:30 p.m., appellant was driving his automobile on State Route 2 in Ottawa County. When appellant failed to maintain his vehicle in marked lanes of travel, he was stopped by Ohio State Trooper R. P. Reeder. Suspecting that appellant was driving while under the influence of alcohol, Reeder asked appellant to take a breathalyzer test. Appellant refused to take the breathalyzer test; however, he agreed to submit to a urinalysis test. Appellant was cited with driving a motor vehicle while under the influence of alcohol, in violation of R.C. 4911.19(A)(1)(a), and traveling outside marked lanes, in violation of R.C. 4511.33.
 {¶ 7} Appellant initially appeared in Ottawa County Municipal Court on May 14, 2007, where he entered a plea of not guilty. Appellant obtained private legal counsel after his application for court-appointed counsel was denied. The case was assigned to a magistrate and, after several continuances, was set for trial on February 21, 2008.
 {¶ 8} Shortly before his trial was to be held, appellant dismissed his defense counsel. On February 19, 2008, a notice of appearance and a motion for a continuance were filed by appellant's new attorney; however, the motion was denied. On February 21, 2008, a hearing was held, at which appellant waived his right to a jury trial *Page 3 
and entered a no contest plea. The magistrate then found appellant guilty of violating R.C. 4511.19(A)(1)(a), sentenced him to serve 10 days in jail and participate in a first-offender program, and ordered him to pay a $250 fine. The jail sentence was suspended, provided that appellant successfully complete the first offender program, and not commit a similar offense within one year. Appellant's operator's license was suspended for 180 days; however, appellant was given occupational privileges to drive to and from work.
 {¶ 9} The magistrate's decision was approved by the trial court on March 11, 2008. A timely notice of appeal was filed on March 19, 2008.
 {¶ 10} In his first assignment of error, appellant asserts that he received ineffective assistance of counsel from both of his privately retained defense attorneys. In support, appellant argues that both attorneys ignored the fact that appellant is a diabetic, and refused to research what effect appellant's diabetes might have had on Reeder's impression that appellant was under the influence of alcohol. Appellant concluded that, as a result of counsels' omissions, which deprived him of an adequate defense, he had no other choice than to enter a guilty plea.
 {¶ 11} "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."Strickland v. Washington (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052,80 L.Ed.2d 674. In addition, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability *Page 4 
sufficient to undermine confidence in the outcome." Id. at 694. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus.
 {¶ 12} In evaluating claims for ineffective assistance of counsel, courts are directed to "[apply] a heavy measure of deference to counsel's judgments," Strickland, supra, at 691, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. at 689.
 {¶ 13} In this case, appellant's argument that he received ineffective assistance of counsel depends entirely on evidence that does not appear in the record. In such cases, the issue of ineffective assistance of counsel is not properly raised on appeal. See State v. Bonnell, 5th Dist. No. 07 CAA 01 0006, 2008-Ohio-28, ¶ 57. (A petition for postconviction relief, and not a direct appeal, "is the appropriate remedy for ineffective assistance of counsel claims based on facts dehors the record." Id.) Accordingly, we are unable to evaluate appellant's claim that his defense counsel's failure to present evidence of his diabetes constituted ineffective assistance of counsel. Appellant's first assignment of error is not well-taken.
 {¶ 14} In his second assignment of error, appellant asserts that his plea was not voluntarily made. In support, appellant argues that he pled guilty because the magistrate threatened to charge him with contempt if the hearing did not proceed as scheduled.
 {¶ 15} We note initially that appellant's attempt to negate his guilty plea by claiming it was involuntarily obtained is the equivalent of a motion to withdraw the plea. In such cases, a transcript of the plea hearing is necessary in order to resolve the claim. State v. Tyson, 5th Dist. No. 2002CA00256, 2003-Ohio-134, ¶ 11. However, in this case *Page 5 
no transcript or substitute therefore was made available to this court and, in any event, appellant claims that the magistrate's coercive statements were made off the record. Accordingly, without any evidence to the contrary, we must presume the regularity of the trial court's proceedings and affirm its judgment. Id., ¶ 10, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Appellant's second assignment of error is, therefore, not well-taken.
 {¶ 16} The judgment of the Ottawa County Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1